UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Miguel Santiago, *on behalf of himself and others similarly situated*,<br><br>                                      *Plaintiff*,<br><br>-against-<br><br>Umbrella Management LLC, Parmod Chadha, and Harsh Seth,<br><br>                                      *Defendants*. | No.<br><br>**FLSA COLLECTIVE ACTION and RULE 23 CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff Miguel Santiago ("Plaintiff"), individually and on behalf of all other similarly situated persons employed by Umbrella Management LLC ("Umbrella Management" or "Corporate Defendant"), Parmod Chadha ("Chadha"), Harsh Seth ("Seth," and together with Umbrella Management, the "Defendants"), as class representative, upon personal knowledge as to himself and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1.     Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, et seq. ("FLSA"), that Defendants failed to pay Plaintiff and a proposed class of others similarly situated, who worked at Defendants' Umbrella Hotels in New York State, the required overtime pay of time and one-half for hours worked in excess of forty hours per week and failed to pay them the required minimum wage for all hours worked. Plaintiff and a proposed class are entitled to recover from Defendants: (1) unpaid overtime compensation; (2) unpaid minimum wages; (3) liquidated damages on those amounts; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law "NYLL," he and a proposed class of other similarly situated employees are entitled to recover from Defendants: (1) unpaid minimum wage and overtime compensation; (2) liquidated damages for untimely wage payments; (3) liquidated damages and civil penalties pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act; and (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), and 28 U.S.C. §§ 1331 and 1337 and 1343 and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because the Defendants maintain a place of business in this district and the majority of the conduct making up the basis of the complaint took place in this district.

## PARTIES

5. Plaintiff Miguel Santaigo is an adult over 18 years of age, a citizen of New York State, and resident of Bronx County.

6. Corporate Defendant Umbrella Management LLC conducts business in New York including at 681 Elton Avenue, Bronx, New York; and at 1108 60th St, Brooklyn, New York, 11219.

7. Corporate Defendant maintains a service of process address on file with the New York Department of State presently as follows: 731 MAIN ST, NEW ROCHELLE, NY, UNITED STATES, 10801.

8. Defendant Parmod Chadha is an adult, over 18 years of age, a citizen of North Carolina, and a resident of Durham County. Upon information and belief, Parmod Chadha is the principal owner and chief executive of the Corporate Defendant.

9. Defendant Harsh Seth is an adult, over 18 years of age, a citizen of New York State, and a resident of Bronx County. Harsh Seth hired Plaintiff and acted as his manager while Plaintiff worked at Defendants' Umbrella hotel located at 681 Elton Avenue, Bronx, New York.

## STATEMENT OF FACTS

10. Plaintiff worked at the front desk of Defendants' hotel operating under the name Umbrella Hotel located at 681 Elton Avenue, Bronx, New York and was responsible for checking hotel guests in and out.

11. The company maintains several phone numbers including 718-924-2100.

12. The below facts pertaining to Plaintiff are alleged to the best of his recollection and based on limited evidence he has retained from his employment. Plaintiff reserves the right to provide a more precise statement of wage and hour information after obtaining the relevant records through discovery in this action, including the records required by 12 NYCRR § 146-2.1.

13. Plaintiff has worked for Defendants from September 2021 to the present.

14. In September 2021 when Plaintiff's employment began, Defendants paid Plaintiff $10 per hour in cash.

15. In October or November 2021, Defendants began paying Plaintiff $15 per hour via check and have continued to pay him at that rate into the present.

16. Plaintiff has typically worked from 2 pm to 10 pm on Wednesday, then from 7 am to 7 pm from Thursday to Sunday.

17. At all times during Plaintiff's employment, he has worked approximately 56 hours per week, amounting to an average of 16 overtime hours per week.

18. At all times during Plaintiff's employment, Defendants have paid Plaintiff $10 per hour in cash for each hour worked in excess of 40 hours per week.

19. Defendants required Plaintiff to sign in and out on paper timesheets, where the week began on a Wednesday and ended on a Tuesday.

20. For example, according to Defendants' timesheet for the week of Wednesday, August 24, 2022 to Tuesday, August 30, 2022, Plaintiff worked 56 hours. He worked his regular schedule this week, which was 2 pm to 10 pm on Wednesday and 7 am to 7 pm from Thursday - Sunday. Plaintiff was off Monday and Tuesday.

21. Plaintiff worked the exact same schedule the following timesheet week covering August 31, 2022 to September 6, 2022, as shown on his timesheet , which also totaled 56 hours.

22. Somewhat confusingly, Defendants required Plaintiff to sign in on timesheets where each week began on a Wednesday and ended on a Tuesday, but paid Plaintiff on pay stubs that covered a more traditional Monday to Sunday pay period.

23. In any case, Defendants required and scheduled Plaintiff to work 56 hours per week, every week, so for the purposes of calculating overtime, it's irrelevant on what day Defendants' timesheets began because they required Plaintiff to work the same consistent schedule which included 16 hours of overtime every week.

24. For the corresponding pay stub for the pay period of August 29, 2022 to September 4, 2022, which covers the above two timesheet weeks, Defendants paid Plaintiff for 40 hours at a regular rate of $15 per hour for a gross total of $600.

25. As was Defendants' practice, they paid Plaintiff just $10 cash for the 16 overtime hours he worked, for a gross overtime total of $160, and a combined total of $760.

26. Plaintiff was entitled to be paid at the overtime rate of time and one-half for each hour he workedBased on Plaintiff's regular minimum wage rate and his overtime hours alone, Defendants should have paid him $960 in gross wages, $600 for 40 hours at his regular $15 per hour rate and $360 for 16 hours at his overtime rate of $22.50 each week over 40 hours, or $22.50 per hour.

27. In addition, Defendants failed to pay Plaintiff the required spread of hours pay of one additional hour's pay at the minimum rate of $15 per hour on days that he worked more than ten hours in a given workshift. In Plaintiff's case, he was entitled to additional hour's pay on four out of his five workdays because he regularly worked 12 hours per day from Thursday to Sunday. Defendants are therefore responsible for an additional underpayment of $60 in spread of hours pay for each week that Plaintiff worked.

## COLLECTIVE ACTION ALLEGATIONS

28. Plaintiff brings this action individually and as class representative on behalf of the "Proposed FLSA Collective" defined as:

> All current and former hourly employees of Defendants employed at Defendants hotels in New York State for the three-year period prior to the filing of the complaint.

29. Upon information and belief, the total number of members of the proposed collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are more than one hundred (100) Collective Action Members who worked for the Defendants during the Collective Action Period, most of whom would not be likely to file

individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

30. Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

31. This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

32. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, in as much as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

33. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

1. Whether the Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA;

2. Whether the Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiff and the Collective Action Members;

3. What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

4. Whether the Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA;

5. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, attorneys' fees, and costs and disbursements; and

6. Whether the Defendants failed to pay Plaintiff and the Collective Action Members for hours worked in excess of 40 hours per workweek.

7. Whether the Defendants failed to pay Plaintiff and the Collective Action Members minimum wage for all hours worked.

34. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

35. Plaintiff and others similarly situated have been substantially damaged by the Defendants' wrongful conduct.

## **CLASS ACTION ALLEGATIONS**

36. Plaintiff sues on his own behalf and on behalf of a class of persons under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

37. In addition to bringing this action as a proposed collective action to remedy violations of the FLSA, Plaintiff also brings this action on behalf of a "Proposed Rule 23 Class," under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure, and consisting of:

> All current and former hourly employees of Defendants employed at Defendants hotels in New York State for the six-year period prior to the filing of the complaint.

38. Upon information and belief, the persons in the Proposed Class are so numerous that joinder of all members is impracticable. Based on Plaintiff's observations while working for Defendants and available public information, there are a minimum of 100 members of the proposed class. Although the identity and precise number of such persons is unknown, and the facts upon which the calculation of that number may be ascertained are presently within the sole control of the Defendants, the Proposed Class consists of all nonmanagerial current and former employees and, therefore, is so numerous that joinder is impracticable and most of whom would not be likely to file individual suits because they lack financial resources, access to attorneys, or knowledge of their claims.

39. The claims of Plaintiff are typical of the claims of the Proposed Class, and a Rule 23 class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation, where individuals lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

40. The Defendants have acted on grounds generally applicable to the Proposed Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Proposed Class as a whole.

41. Plaintiff has committed himself to pursuing this action and has retained counsel experienced in employment law and class action litigation.

42. Plaintiff will fairly and adequately protect the interests of the Proposed Class.

43. Plaintiff understands that, as class representative, he assumes a fiduciary responsibility to the Class Members to represent their interests fairly and adequately, and that they must consider their interests just as they would represent and consider their own interests, and that they may not favor their own interests over those of the Class Members.

44. Plaintiff recognizes that any resolution of a Rule 23 class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Class. Plaintiff understands that in order to provide adequate representation, he must remain informed of litigation developments and that they may be called upon to testify in depositions and at trial.

45. Plaintiff has the same interests in this matter as all other members of the Proposed Class, and Plaintiff's claims are typical of the Proposed Class.

46. There are questions of law and fact common to the Proposed Class which predominate over any questions solely affecting the individual members of the Proposed Class, including but not limited to:

   1. Whether the Defendants employed Plaintiff and the Class members within the meaning of the New York Labor Law;

   2. Whether the Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiff and the Class members;

   3. What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

   4. What hourly was the employee's hourly rate;

   5. Whether the Defendants failed to pay Plaintiff and the Class members the required overtime compensation for all hours worked in excess of forty (40) hours

per workweek, in violation of the New York Labor Law and the regulations promulgated thereunder;

6. Whether the Defendants failed to pay Plaintiff and the Class members the required minimum wage for all hours worked;

7.What were the employees' duties;

8. Whether Defendants' violations of the New York Labor Law are willful as that term is used within the context of the New York Labor Law; and,

9. Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, costs, attorneys' fees, and costs and disbursements.

## STATEMENT OF CLAIMS

### COUNT I: FLSA – Overtime and Minimum Wage

*Brought on behalf of Plaintiff and the Proposed FLSA Collective*

47. Plaintiff realleges and re-avers each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

48. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

49. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and the Proposed FLSA Collective members are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

50. At all relevant times, Defendants employed Plaintiff and the Proposed FLSA Collective members within the meaning of the FLSA.

51. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

52. Plaintiff and the Proposed FLSA Collective members were entitled to be paid at the rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA. Defendants failed to pay Plaintiff and the Proposed FLSA Collective members overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

53. Plaintiff and the Proposed FLSA Collective members were entitled to be paid at the required minimum wage for all hours worked. Defendants failed to pay Plaintiff and the Proposed FLSA Collective members minimum wage in the lawful amount for all hours.

54. At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and the Proposed FLSA Collective members for all hours worked in excess of forty (40) hours per work week and refusing to pay at the minimum wage rate for all hours worked, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 207(a)(l) and 215(a).

55. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and the Proposed FLSA Collective members at the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week and at the minimum wage for all hours worked, when they knew or should have known

such was due and that non-payment of minimum wage and overtime compensation would financially injure Plaintiff and the Proposed FLSA Collective.

56. Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, et seq., including 29 U.S.C. §§ 21 l(c) and 215(a).

57. Defendants failed to properly disclose or apprise Plaintiff and the Proposed FLSA Collective members of their rights under the FLSA.

58. As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff and the Proposed FLSA Collective members are entitled to liquidated damages pursuant to the FLSA.

59. Due to the reckless, willful and unlawful acts of Defendants, Plaintiff and the Proposed FLSA Collective members suffered damages in an amount not presently ascertainable of unpaid overtime and minimum wage compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

60. Plaintiff and the Proposed FLSA Collective members are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

**COUNT II: NYLL – Overtime Pay, Minimum Wage, and Spread of Hours Pay**

*Brought on behalf of Plaintiff and the Proposed Rule 23 Class*

61. Plaintiff realleges and re-avers each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

62. Defendants employed Plaintiff and the Rule 23 Proposed Class members within the meaning of New York Labor Law §§ 2 and 651.

63. Defendants knowingly and willfully violated the rights of Plaintiff and the Rule 23 Proposed Class members by failing to pay Plaintiff and the Rule 23 Proposed Class members the applicable required overtime compensation at the rate of time and one-half for each hour worked in excess of forty (40) hours in a workweek and failing to pay Plaintiff and the Rule 23 Proposed Class members at the minimum wage rate for all hours worked.

64. Plaintiff and the Proposed Rule 23 Class were and are entitled to receive spread of hours pay of one additional hours' pay at the applicable minimum rate for each hour worked in a given day or workshift in excess of ten hours. Defendants failed to pay Plaintiff and the Proposed Rule 23 Class members the required spread of hours pay.

65. Defendants failed to properly disclose or apprise Plaintiff and the Rule 23 Proposed Class members of their rights under the New York Labor Law.

66. Defendants failed to furnish Plaintiff and the Rule 23 Proposed Class members with a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations § 146-2.3.

67. Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

68. Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law§ 194(4), and New York State Department of Labor Regulations§ 146-2.1.

69. At the time of their hiring, Defendants failed to notify Plaintiff and the Rule 23 Proposed Class members of their rates of pay and their regularly designated payday, in contravention of New York Labor Law § 195(1).

70. Due to the Defendants' New York Labor Law violations, Plaintiff and the Rule 23 Proposed Class members are entitled to recover from Defendants the difference between their actual wages and the amounts that were owed under the New York Labor law. The deficiency accounts for minimum wage for all straight time hours, overtime compensation for all overtime hours, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law §§ 663(1), 198.

71. Plaintiff and the Rule 23 Proposed Class members are also entitled to liquidated damages pursuant to New York Labor Law § 663(1), as well as civil penalties and/or liquidated damages pursuant to the New York State Wage Theft Prevention Act.

**COUNT III: NYLL - Annual Wage Notice and Periodic Wage Statements**

*Brought on behalf of Plaintiff and the Proposed Rule 23 Class*

72. Plaintiff realleges and re-avers each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

73. Defendants have willfully failed to supply Plaintiff and the members of the Rule 23 Class with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiff and the members of the Rule 23 Class as their primary language, containing Plaintiff's and the members of the Rule 23 Class' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any

"doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

74. Through their knowing or intentional failure to provide Plaintiff and the members of the Rule 23 Class with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

75. Defendants have willfully failed to supply Plaintiff and the members of the Rule 23 Class with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

76. Through their knowing or intentional failure to provide Plaintiff and the members of the Rule 23 Class with the accurate wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

77. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff and the members of the Rule 23 Class are entitled to statutory penalties of fifty dollars each day that Defendants failed to provide Plaintiff and the members of the Rule 23 Class with wage notices, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b).

78. Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff and the members of the Rule 23 Class are entitled to statutory penalties of two hundred fifty dollars for each workweek that Defendants failed to provide Plaintiff and the members of the Rule 23 Class with accurate wage statements, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, §198(1-d).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and all similarly situated Collective Action Members and Class members, respectfully requests that this Court grant the following relief:

i. That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have at any time during the six years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by Defendants as hourly workers in New York State, and of their right to join this lawsuit if they belief they were denied proper wages;

ii. An award for unpaid overtime and minimum wage compensation due under the FLSA and New York Labor Law;

iii. An award of liquidated damages as a result of Defendants' failure to pay minimum wage and overtime compensation pursuant to 29 U.S.C. § 216;

iv. An award of liquidated damages as a result of Defendants' failure to pay overtime, minimum wage, and spread of hours pay compensation pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

vi. An award of civil penalties pursuant to the New York State Wage Theft Prevention Act;

vii. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

viii. Designation of Plaintiff as representatives of the Rule 23 Class, and counsel of record as Class Counsel;

ix. An injunction requiring Defendants to pay all statutorily required wages pursuant to the FLSA and NYLL;

x. An award of prejudgment and post-judgment interest;

xiii. Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to FRCP 38 the Plaintiffs demand trial by jury on all issues.

Dated:   New York, NY
         March 30, 2023

**LAW OFFICE OF MOHAMMED GANGAT**

_____
Mohammed Gangat, Esq.,
675 Third Avenue, Suite 1810,
New York, NY 10017
718-669-0714
mgangat@gangatpllc.com

*Attorneys for Plaintiff and the FLSA Proposed Collective and Rule 23 Proposed Class*