UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MIGUEL SANTIAGO,<br><br>                              Plaintiff,<br><br>v.<br><br>UMBRELLA MANAGEMENT LLC.,<br><br>                              Defendants. | 23 Civ. 2673 (DEH)<br><br>**ORDER** |

DALE E. HO, United States District Judge:

      In this action, Plaintiff brings claims under the Fair Labor Standards Act ("FLSA"). The parties have reached a settlement on all issues. In the Second Circuit, "parties cannot privately settle FLSA claims with a stipulated dismissal with prejudice under Federal Rule of Civil Procedure 41 absent the approval of the district court or the Department of Labor." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 599-600 (2d Cir. 2020) (outlining the factors that district courts have used to determine whether a proposed settlement and award of attorneys' fees is fair and reasonable); *see also Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206–07 (2d Cir. 2015).

      On April 5, 2024, the Plaintiff filed a letter seeking approval of their settlement of Plaintiff's claims. *See* ECF No. 43. Plaintiff's counsel also requests approval of attorney's fees and costs. *See id.* at 1. Attached to the letter are the executed settlement agreement, *see* ECF No. 43-1 ("Settlement Agreement"); and an invoice for legal services, *see* ECF No. 43-3.

      Having reviewed the parties' Settlement Agreement, the Court holds that it is hereby **APPROVED** as fair and reasonable based on the nature and scope of Plaintiff's claims and the risks and expenses involved in additional litigation.

After accounting for attorney's fees and costs, Plaintiff will receive $75,000. ECF No. 43-1 at 1. The parties' joint Settlement Agreement and release explains that Plaintiff worked for Defendants from September 2021 until on or about April 4, 2023. *Id.* From September 1, 2021, through October 31, 2021, the Plaintiff worked at a pay rate of $10 per hour and an overtime rate of $0 per hour; and from November 1, 2021, through April 3, 2023, the Plaintiff worked at a pay rate of $15 per hour and an overtime rate of $10 per hour. ECF 43-2 at 1-2.

Thus, a settlement amount of $75,000 represents "100% of Plaintiff's alleged unpaid wages and backpay, along with a percentage recovery of Plaintiff's other alleged claims." ECF No. 43 at 2. Had he prevailed at trial on all of his claims, Plaintiff believes he would have recovered $122,640.00. *Id.* Nevertheless, the settlement, on a percentage basis, exceeds settlements approved in this District. *See, e.g.*, *Kim v. Choi*, No. 19 Civ. 8911, 2021 WL 1759830, at *1 (S.D.N.Y. May 4, 2021) (approving settlement where the plaintiffs would receive around 21% of their total potential recovery); *Beckert v. Ronirubinov*, No. 15 Civ. 1951, 2015 WL 8773460, at *2 (S.D.N.Y. Dec. 14, 2015) (approving settlement where Plaintiff would receive approximately 26% of their total potential recovery).

The parties represent that this Settlement Agreement was reached as a result of extensive arm's length negotiations between experienced counsel—and that it took place "over the course of several months of negotiations. Furthermore, Plaintiff's counsel has significant experience with wage and hour claims." *Id.* Courts typically regard the adversarial nature of a litigated FLSA case and arm's-length bargaining to be indicators of the fairness of the settlement. *See Aponte v. Comprehensive Health Mgmt., Inc.*, No. 10 Civ. 4825, 2013 WL 1364147, at *3 (S.D.N.Y. Apr. 2, 2013); *Zorn-Hill v. A2B Taxi LLC*, No. 18 Civ. 11165, 2020 WL 5578357, at *2 (S.D.N.Y. Sept. 17, 2020) ("[W]hether the settlement agreement is the product of arm's-

length bargaining between experienced counsel" is a significant factor in assessing the fairness of an agreement.") (cleaned up).

Courts further consider "the seriousness of litigation risks faced by the parties" and "the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (cleaned up). "[T]he Parties believe that the settlement amount is fair and reasonable. Plaintiff is able to obtain a significant recovery of his alleged damages without the burden of further litigation and trial. . . . Defendants believe that the settlement is fair and reasonable so as to avoid the anticipated burden and expense of further discovery and the fee-shifting nature of FLSA cases." ECF No. 43 at 3.

The parties believe the settlement amount reflects a fair compromise considering the litigation risks faced by each, and the collection risks faced by plaintiff. *See* ECF No. 43 at 2. Plaintiff's recovery is not out of line with settlements approved in this District. *See, e.g.*, *Zorn-Hill v. A2B Taxi LLC*, No. 19 Civ. 1058, 2020 WL 5578357, at *4 (S.D.N.Y. Sept. 17, 2020) (approving settlement amount equal to "12.5% of the best-case scenario" for the plaintiff). Particularly in light of the circumstances, the Court finds no fairness concerns with the compromise reached by the parties.

It is further **ORDERED** that Plaintiff's counsel's request for attorney's fees and costs is **GRANTED**.

Plaintiff's counsel requests $25,000 in legal fees. *See* Settlement Agreement 1. This is calculated based on one-third of the $75,000 settlement fee. ECF No. 43 at 4. "[C]ourts in the Second Circuit routinely award attorney's fees in FLSA settlements of as much as one-third of the total recovery." *Farez v. JGR Servs., Inc.*, No. 21 Civ. 8205, 2023 WL 8827576, at *6 (S.D.N.Y. Dec. 21, 2023); *see also Wang v. Shun Lee Palace Rest., Inc.*, No. 17 Civ. 840, 2022

WL 3445503, at *8 (S.D.N.Y. Aug. 17, 2022) (finding that attorney's fees and costs in the amount of one-third the settlement amount in an FLSA case was reasonable); *Kaloshi v. W. Vill. Oasis, Inc.*, No. 22 Civ. 4593, 2024 WL 3227092, at *4 (S.D.N.Y. June 28, 2024) (same).

The Settlement Agreement poses none of the equity concerns outlined by *Cheeks* and its progeny. It is therefore approved as fair and reasonable. Accordingly, any pending motions are moot. All conferences are canceled. An order will issue separately allowing the Court to retain jurisdiction solely for purposes of enforcing the parties' Settlement Agreement.

The Clerk of Court is respectfully directed to close the case.

SO ORDERED.

Dated: August 23, 2024
       New York, New York

DALE E. HO
United States District Judge